IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MICHAEL WETHERINGTON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| | : | |
| VS. | : | **7 : 05-CV-24 (HL)** |
| | : | |
| STEVE BENTON, Warden, | : | |
| | : | |
| | : | |
| Respondent. | : | |

**RECOMMENDATION**

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition

as untimely.  The respondent contends that the petitioner filed this federal habeas petition after

the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective

Death Penalty Act ("AEDPA").  The petition was filed on March 14, 2005.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28

U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running

from the latest of several events.  Section 2241(d)(1)(A) requires a prisoner to file a habeas

petition within one year of "the date on which the [state court] judgment [of conviction] became

final by the conclusion of direct review or the expiration of the time for seeking such review".

The Act further provides that "[t]he time during which a properly filed application for state post-

conviction or other collateral review . . . is pending shall not be counted toward any period of

limitation under this subsection." § 2244 (d)(2).  In Wilcox v. Florida Dep't. of Corrections, 158

F.3d 1209 (11th Cir. 1998), the Eleventh Circuit established a one-year grace period for

prisoners whose convictions became final prior to the AEDPA's effective date of April 24, 1996.

Thus, these prisoners, such as the petitioner herein, were allowed one year, or until April 23,

1997, to file a federal habeas petition attacking their conviction.  See also, Goodman v. United

States, 151 F.3d 1335 (11th Cir. 1998).  When this one-year grace period is applied to the facts

herein it is clear that the petitioner failed to file this federal habeas petition in a timely manner.

The petitioner pled guilty to malice murder, attempted armed robbery, and attempted

kidnaping in the Superior Court of Lowndes County on July 27, 1986.  Petitioner was sentenced

to life in prison, plus two (2) consecutive ten-year terms.   The petitioner did not pursue a direct

appeal.  On November 10, 1994, the petitioner filed his first state habeas petition.  By order

dated July 6, 1995, the state habeas court denied relief, and the Georgia Supreme Court denied

petitioner's application for a certificate of probable cause to appeal on October 18, 1995.

Petitioner filed a second state habeas petition on November 17, 2003.  The state habeas court

dismissed this second petition as successive on March 30, 2004.  The petitioner then filed a

"motion to vacate void sentence and resentence defendant" in the trial court on June 8, 2004.

The trial court denied this motion on July 2, 2004, and petitioner's subsequent appeal was

dismissed on November 1, 2004.  On or about March 11, 2004, the petitioner signed this federal

petition, although it was not submitted for filing until March 14, 2005.

A review of the record herein reveals that the filing of this federal habeas petition was

clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner.

 The petitioner did not file a direct appeal of his conviction, making it final on or about August

29, 1986, the date on which the 30-day period for filing a notice of appeal expired.  The

petitioner had until April 23, 1997, to file a federal petition.  He did not file this federal petition

until March 14, 2005, having allegedly signed the petition on March 11, 2004, almost eight (8)

years after the expiration of the one-year grace period.  Neither of his state habeas petitions

operates to toll the limitations period, as the first was completed in 1995 and the second not filed

until 2003.  Additionally, the court notes that petitioner's "motion to vacate void sentence and

resentence defendant" was not filed in the original trial court until 2004.

Accordingly, it is the recommendation of the undersigned that the respondent's Motion to

Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written

objections to this recommendation with the Honorable Hugh Lawson, United States District

Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 11th day of January, 2006.


  /s/   *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb