# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**MICHAEL WETHERINGTON,**           :
                                    :
    Petitioner,              :
                                    :
v.                                  :     Civil Action No. 7:05-cv-24(HL)
                                    :
**STEVE BENTON, WARDEN,**           :     28 U.S.C. § 2254
                                    :
    Respondent.              :
_____

## ORDER

This matter is before the Court on Motion for Reconsideration [doc 19] of Petitioner, Michael Wetherington. For the reasons set forth below, the Motion is hereby denied.

Wetherington filed an application for a writ of habeas corpus in this Court on March 14, 2005,[1] pursuant to 28 U.S.C.A. § 2254. In the application, Wetherington sought federal review of his state custody on only one ground: the denial of a "Motion to Vacate a Void Sentence and Remand Defendant for Resentencing" that he presented to the state courts of Georgia during 2004. Consistent with the usual practices of this Court, the Magistrate Judge to whom the case was assigned directed Wetherington to amend his petition to set forth every possible basis for relief. Wetherington thereafter amended his application to add five more grounds for relief, some of which challenged the merits of the underlying conviction.

---

[1] The application is dated March 11, 2004; however, because it references events occurring as late as December of 2004, the Court will presume that Wetherington dated the application in error and intended to use March 11, 2005. However, even if the Court were to use March 11, 2004, as the date of filing, the result would be the same.

The Attorney General, acting on behalf of Respondent, Steve Benton, filed a Motion to Dismiss, arguing that the § 2254 petition was untimely. The Magistrate Judge subsequently found that Wetherington's habeas corpus application was untimely and recommended it be dismissed. The Court, over the objections of Wetherington, accepted the Magistrate Judge's recommendation. The matter is now before the Court on reconsideration.

The procedural history of this matter is undisputed. Wetherington pleaded guilty in the Superior Court of Lowndes County, Georgia, on July 27, 1986, and was sentenced to life in prison plus two consecutive ten-year terms. Wetherington did not pursue a direct appeal. Wetherington filed two state habeas actions, the first of which was denied on July 6, 1995. The second state habeas was filed on November 3, 2003, and dismissed as successive on March 30, 2004, following a hearing on March 4, 2004. On June 8, 2004, Wetherington filed a "Motion to Vacate Void Sentence and Remand Defendant for Resentence" in the Superior Court of Lowndes County. After that motion was denied by the superior court, Wetherington filed an appeal; the appeal was ultimately denied by the Supreme Court of Georgia. Wetherington then filed the petition at issue here, contending that the denial of his Motion to Vacate Void Sentence and Remand Defendant for Resentence was in error.

A state prisoner's right to seek review in federal court of his state conviction is governed by 28 U.S.C.A. § 2254, which provides federal courts with the authority to entertain "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2254(a) (West 1994). The time for filing an

2

application under § 2254 is governed by 28 U.S.C.A. § 2244, which places a one-year limitation period on the filing of an application. 28 U.S.C.A. § 2244(d)(1) (West Supp. 2005). Section 2244 also defines when the limitation period for filing an application begins to run: "The limitation period shall run from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review." 28 U.S.C.A. § 2244(d)(1)(A) (West Supp. 2005).[2]

While specifically limiting the filing period for § 2254 applications to one year, § 2244 allows for the tolling of this time period as follows: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C.A. § 2244(d)(2) (West Supp. 2005). Thus, while § 2244(d) is clearly intended to place an outside limit on the time within which a § 2254 application may be filed, the terms of the statute nevertheless manifest an intent to allow an applicant to exhaust his state post-conviction remedies before moving into federal court.

The limitations period set forth at § 2244(d)(1) was put in place in 1996, with the enactment of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). State prisoners, such as Wetherington, whose convictions became final prior to the enactment of AEDPA were given a one-year grace period, until April 23, 1997, in which to file their § 2254 applications. It is undisputed that Wetherington did not file an application under § 2254 during the one-year

---

[2] Section 2244(d)(1) identifies three other events that trigger the limitations period; however, none of these events are at issue here.

period following enactment of AEDPA.  Wetherington's first § 2254 petition is the one at issue here, filed on March 14, 2005, nearly eight years after the AEDPA's one-year limitation period expired as to him.  Wetherington's petition is clearly time-barred.

In an effort to save his petition from dismissal, Wetherington argues that the decision in Estes v. Chapman, 382 F.3d 1237 (11th Cir. 2004), entitles him to federal review of the state court's denial of his motion to vacate a void sentence.  In Estes, the United States Court of Appeals for the Eleventh Circuit held that the petitioner's motion to vacate a void sentence was "properly filed," as that term is used in § 2244(d)(2), and, therefore, tolled the limitations period for filing a habeas petition under § 2254.  Estes, 382 F.3d at 1241.  Wetherington argues that the circumstances of his case make it indistinguishable from the facts of Estes, and that his § 2254 petition, therefore, is timely.

In Estes, the court does not set forth a chronology of events leading up to the filing of the § 2254 petition at issue, noting only that the motion to vacate void sentence was filed in September 2001.  However, the only reasonable reading of Estes is that the motion to vacate void sentence at issue there was filed in the state court before the petitioner's one-year limitation period for filing a § 2254 petition had expired, but that the § 2254 petition, itself, was filed outside the one-year limitation period.  Thus, the court in Estes was called upon to determine whether an otherwise untimely petition could be saved because the time for filing the petition had been tolled during the pendency of the motion to vacate void sentence.  The appellate court found that the § 2254 petition was timely.  The court reasoned that the Georgia courts had jurisdiction to consider petitioner's motion to vacate and, as a result, the motion was

a "properly filed application for State post-conviction or other collateral review" as set forth at § 2244(d)(2), so as to toll the period of limitations set forth at § 2244(d)(1).

The circumstances of Wetherington's filing of a motion to vacate void sentence differs from those in Estes in one critical respect: Wetherington's one-year limitations period had expired long before he filed his motion. Thus, even though it may have been an "application for State post-conviction or other collateral review," as contemplated by the language of § 2244(d)(2), there was no limitations period remaining that could have been tolled by the filing of the motion and, therefore, Wetherington cannot now pursue a § 2254 petition in this Court. As the Eleventh Circuit noted in a case decided before Estes:

> Under § 2244(d)(2), even "properly filed" state-court petitions must be "pending" in order to toll the limitations period. A state-court petition like [petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. In effect, [petitioner] argues not merely for the tolling of the period, but for its reinitiation. Section 2244(d) makes no such provision where the reason for reinitiation is creation of a new remedy under state law.

Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000).

Applying the result in Estes to the factual circumstances here would be contrary to the decision in Webster and would serve to render meaningless the limitations period set forth at § 2244(d)(1) because any person in custody pursuant to the judgment of a Georgia court could circumvent the limitations period with the filing of a motion to vacate a void sentence–a result certainly not intended by the court in Estes. In sum, the limitations period imposed by 28 U.S.C.A. § 2244(d)(1) had already expired by the time Wetherington filed in state court the motion at issue here. The filing in state court could not serve to toll a limitations period that had

already expired, nor could it reset the one-year period for the filing of a § 2254 petition. Accordingly, the Magistrate Judge correctly determined that Wetherington's § 2254 petition was untimely and the Court remains of the opinion that dismissal of the petition was proper. Accordingly, the Motion for Reconsideration [doc 19] is denied.

**SO ORDERED**, this the 23rd day of May, 2006.

s/   Hugh Lawson
**HUGH LAWSON, JUDGE**

mls